Shaw, C. J.
The right of the defendant, under an agreement not in writing, could be no greater than that of a tenant at will, Rev. Sts. c. 59, § 29. When Kempton gave a lease for years to the plaintiff, the estate at will of the lessee was determined by operation of law, without notice. The plaintiff, now become lessee for years, had a right to the possession of the premises, and of course a right to this process, under Rev. Sts. c. 104, § 2. Kelly v. Waite, 12 Met. 300; Howard v. Merriam, 5 Cush. 563.
But it is found as a fact, in the present case, that the defendant had no notice of the lease of Kempton to the plaintiff, until he was served with process under this complaint; we think, therefore, that the complaint was prematurely brought.
It is a rule, founded on the plainest principles of equity and fair dealing, that where a right of action depends on a fact peculiarly within the knowledge of the plaintiff, and which the other party may not be presumed to know, and does not in fact know, the plaintiff must give the defendant notice of such fact. No form of notice being prescribed by positive law, the form of notice is immaterial, but the fact is essential.
It was objected by the plaintiff, that the defendant could not bring the case here by appeal, because the title to real estate was not drawn in question. It is not on that ground that the appeal is claimed. The appeal is taken from the judgment of the court of common pleas, on an agreed statement of facts, which is a judgment in matter of law, apparent on the record. Hovey v. Crane, 10 Pick. 440; Parker v. Framingham, 8 Met. 260. Judgment for the defendant.